**COMJD**
BROCK K. OHLSON, ESQ.
Nevada Bar No. 12262
IAN M. MCMENEMY, ESQ.
Nevada Bar No. 13190
JUSTIN A. CORNE, ESQ.
Nevada Bar No. 14504
**BROCK K. OHLSON PLLC**
6060 Elton Avenue, Suite A
Las Vegas, NV 89107
Telephone: (702) 982-0055
Facsimile: (702) 982-0150
efile@injured.vegas
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### DITRICT OF NEVADA
\* \* \*

| | |
|---|---|
| MICHAEL BUCHNA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART INC., a foreign corporation d/b/a WALMART SUPERCENTER #3351; and WAL-MART STORES, INC a foreign corporation, DOES I through X and ROE CORPORATIONS I through X,<br><br>Defendants. | CASE NO.: 2:21-cv-00061<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff, MICHAEL BUCHNA, by and through her attorneys of record, BROCK OHLSON, ESQ. and IAN M. MCMENEMY, ESQ. of BROCK K. OHLSON PLLC, hereby complains and alleges against Defendants as follows:

### PARTIES AND JURISDICTION

1.  Plaintiff MICHAEL BUCHNA (hereinafter "Plaintiff") is and was, at all times mentioned herein, a resident of Clark County, Nevada.

2.  Defendant WALMART INC., doing business as WALMART SUPERCENTER #3351 (hereinafter "Walmart") is and was, at all times mentioned herein, a Delaware corporation that was, and still is, duly authorized, qualified, licensed and regularly doing business at: 6464 North Decatur Boulevard, North Las Vegas, Clark County, Nevada.

3.     Defendant WAL-MART STORES INC (hereinafter "Wal-Mart Stores") is and was, at all times mentioned herein, a Delaware corporation that was, and still is, the owner of the land and real property located at 6464 North Decatur Boulevard, North Las Vegas, Clark County, Nevada.

4.     The allegations set forth herein occurred in Clark County Nevada, and are made by a Nevada Resident against foreign businesses, incorporated in different states. Furthermore the amount in controversy exceeds $75,000.00. Therefore, this Court has proper jurisdiction over Plaintiff's claims alleged herein under 28 U.S.C. §1332.

5.     The true names and capacities, whether owners, agents, employers, employees, lessors, lessees, successors and/or predecessors in interest, designers, contractors, subcontractors, assigns or others, of Defendants herein designated as DOES I through X and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff at this time. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of such Defendants when the same have been ascertained and will seek leave to join said defendants in these proceedings.

6.     Based upon information and belief, and at all relevant times mentioned herein, Plaintiff believes and alleges that each of the Defendants herein designated as DOES and/or ROE CORPORATIONS are in some manner responsible for the occurrences and injuries sustained and alleged herein, and the DOES and/or ROE CORPORATIONS, and each of them, were the owners, agents, servants, employees, employers, partners, lessors, lessees, successors, predecessors in interest, designers, contractors, subcontractors and/or independent contractors of the remaining Defendants and were acting within the course and scope of such agency, employment, partnership, joint venture, and/or contractual relationship and/or other entities or individuals otherwise within possession and/or control, or having that duty and responsibility, of the people and property through the design, set up and care of the property, including, but not limited to, the hiring, training and retention of employees inspecting, cleaning and maintaining the property, at the Walmart Supercenter located at 6464 North Decatur Boulevard, North Las Vegas, Clark County, Nevada, at the time of the events herein alleged.

## GENERAL ALLEGATIONS

7. Plaintiff repeats and re-alleges the allegations of all preceding paragraphs as though set forth fully herein.

8. All facts and circumstances that give rise to this lawsuit took place in Clark County, Nevada.

9. On or about February 28, 2019, Plaintiff was shopping at the Walmart Supercenter located at 6464 North Decatur Boulevard, North Las Vegas, Clark County, Nevada.

10. While exiting the Walmart's grocery side entrance, Plaintiff tripped over defective flooring, which caused him to fall and sustain serious injuries.

## FIRST CAUSE OF ACTION
*(Negligence – against all Defendants)*

11. Plaintiff repeats and re-alleges the allegations of all preceding paragraphs as though set forth fully herein.

12. At all relevant times mentioned herein, Walmart and/or Wal-Mart Stores owned and/or operated and/or exercised control over the premises, including the manner in which its employees cleaned, inspected and maintained the walkways located at Walmart.

13. At all relevant times mentioned herein, Walmart and/or Wal-Mart Stores had a duty to patrons to properly inspect, clean and maintain the walkways located at 6464 North Decatur Boulevard, North Las Vegas, Clark County, Nevada.

14. Defendants and/or the employees or agents thereof knew, or reasonably should have known, that, if the entrances, including their flooring, were not properly inspected, cleaned and maintained, it would create a dangerous condition.

15. Such knowledge gave actual and/or constructive notice to Defendants that there was a dangerous condition present when Plaintiff fell.

16. At all relevant times mentioned herein, Walmart and/or Wal-Mart Stores had a duty to warn patrons of dangers located at the entrances of the store located at 6464 North Decatur Boulevard, North Las Vegas, Clark County, Nevada.

17. Defendants and/or the employees or agents thereof knew, or reasonably should have known that if it failed to warn patrons of dangerous conditions it could cause injury.

18. Defendants breached the duty of care by failing to properly clean, inspect and/or maintain the flooring where Plaintiff fell, which caused a dangerous condition.

19. Defendants further breached their duty by failing to warn patrons of a dangerous condition on its walkways.

20. As a direct and proximate cause of the aforesaid actions, breach, and negligence of Defendants, Plaintiff fell as a result of a dangerous condition of the walkway at Walmart, causing the injuries and damages as set forth herein.

21. As a direct and proximate cause of the aforesaid actions, breach, and negligence of Defendants, and each of them, Plaintiff was injured and sustained and incurred, at a minimum, the losses and damages set forth in the Prayer for Relief below, entitled to be recovered from each and every Defendant, in amounts in excess of $75,000.00, the amounts to be proven at trial.

22. As a direct and proximate cause of the aforementioned actions and negligence of Defendants, and each of them, Plaintiff required the services of an attorney to prosecute this action, and thereby is entitled to reasonable attorneys' fees and costs incurred herein.

## SECOND CAUSE OF ACTION
*(Negligent Hiring, Training, Supervision, and Retention)*

23. Plaintiff repeats and re-alleges the allegations of all preceding paragraphs as though set forth fully herein.

24. Defendants owed a duty of care to Plaintiff to conduct a reasonable background check on potential employees and to use reasonable care in the training, supervision, hiring and retention of its employees to ensure that their employees are fit for their positions and ensure that any maintenance, repairs and inspections are properly performed to prevent dangerous conditions at their store.

25. Defendants breached that duty by hiring, training, supervising, and/or retaining DOE maintenance employee(s) and DOE supervisor(s), even though they knew, or reasonably

should have known, that said DOE employees were unfit for their employment positions and/or that they exhibited propensities to negligently or intentionally ignore measures implemented for customer safety and make inadequate repairs.

26. Defendant's breach was the proximate cause of Plaintiff's injuries because but for the negligent hiring, training, supervision, and retention of said DOE employees, Plaintiff would not have tripped over the defective and dangerous flooring as he exited the store.

27. As a direct and proximate result of the aforesaid actions, breach, and negligence of Defendants, Plaintiff was injured and sustained and incurred, at a minimum, the losses and damages set forth in the Prayer for Relief below, entitled to be recovered by Plaintiff from Defendants, in amounts in excess of $75,000.00, the amounts to be proven at trial.

28. As a direct and proximate cause of the aforementioned actions and negligence of Defendants, and each of them, Plaintiff required the services of an attorney to prosecute this action, and thereby is entitled to reasonable attorneys' fees and costs incurred herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MICHAEL BUCHNA prays for judgment against Defendants, and each of them, as follows:

1. General damages in an amount in excess of $75,000.00;

2. Compensatory damages in an amount in excess of $75,000.00;

3. Past and future medical and incidental expenses incurred and to be incurred, which are in an amount in excess of $75,000.00;

4. Damages for past and future pain, suffering, disfigurement, mental anguish, and loss of enjoyment of life in an amount in excess of $75,000.00;

5. Damages for past and future lost earnings and earnings capacity in an amount in excess of $75,000.00;

6. Costs of suit, reasonable attorney fees, and interest incurred herein; and

7. For such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through her counsel of record, BROCK OHLSON, ESQ., IAN M. MCMENEMY, ESQ. and JUSTIN A. CORNE, ESQ. of BROCK K. OHLSON PLLC, hereby demands a jury trial in the above-entitled matter.

DATED this 12 day of January, 2021.

BROCK K. OHLSON PLLC

_____
BROCK K. OHLSON, ESQ.
Nevada Bar No. 12262
IAN M. MCMENEMY, ESQ.
Nevada Bar No. 13190
JUSTIN A. CORNE, ESQ.
Nevada Bar No. 14504
6060 Elton Avenue, Suite A
Las Vegas, NV 89107
*Attorneys of Plaintiff*