# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE C. ZEITER, et al.,<br><br>   Plaintiffs<br><br>v.<br><br>WALMART INC. and WAL-MART STORES, INC.,<br><br>   Defendants | Case No.: 2:21-cv-00061-APG-DJA<br><br>**Order Rejecting Proposed Joint Pretrial Order**<br><br>[ECF No. 127] |

The parties' proposed Joint Pretrial Order (ECF No. 127) does not comply with Local Rules 16-3 and 16-4 for several reasons.

Both sides' exhibit lists appear to simply list every document that has been produced in this case. And while both sides list most of the same exhibits, they do not stipulate to the admissibility (or at least authenticity) of those documents. It seems obvious that the parties did not engage in a meaningful, personal discussion as required by Local Rule 16-3(b); nor did they discuss stipulating to authentication as required by Local Rule 16-3(b)(8)(B).

Both sides also attempt to "incorporate," and reserve the right to use, any other documents produced in this case. ECF No. 127 at 7, 12. No such right exists. Local Rule 16-3(b)(8) requires the parties to list all exhibits that will be offered at trial, and those exhibits must be described "sufficiently for ready identification."

Both sides also incorrectly attempt to reserve their right to object to the other side's exhibits. *Id.* Again, no such right exists. Local Rule 16-3(b)(8)(B) requires the parties to state the grounds for each objection to each specific exhibit. Otherwise, it will be nearly impossible to efficiently rule on those objections before or during trial.

Local Rule 16-3(b)(10) requires parties to identify the depositions they intend to offer at trial, "designating the portions of the depositions to be offered." The parties' proposed order ignores this rule by listing 21 depositions without designating the specific portions to be offered at trial. *Id.* at 14. This also makes it impossible for each side to state their objections as required by Local Rule 16-3(b)(11).

Both sides' witness lists likewise seem to identify every person who has been identified in discovery, without any analysis as to whether those witnesses are truly needed at trial. Indeed, the defendants' list specifically refers to Rule 26(a)(2)(A)(i) and designates these witnesses as "likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information" (although no subjects were identified). *Id.* at 23. Plaintiffs' witness list includes such vague identities as "Walmart Customer Service Associates," and "All Walmart Employees listed within the 'Punch Details from 2.28.19' produced by Walmart in its 15th Supplement to Rule 26 Disclosures on January 26, 2023." *Id.* at 21. Both lists include several "custodians of records," which would be unnecessary if the parties had discussed stipulating to authenticity as required by Local Rule 16-3(b)(8)(B).

Finally, the proposed order does not list the number of days estimated for trial, and it does not include the order required by Local Rule 16-4.

Local Rules 16-3 and 16-4 are designed to streamline trial preparation and presentation, and to foster settlement. The parties cannot wait until the eve of trial to make trial decisions. Such tactics prevent full participation in settlement discussions and deprive the other side the ability to efficiently prepare for trial. It is apparent from the proposed Joint Pretrial Order that

the parties ignored Local Rule 16-3 and did not have a meaningful, personal discussion about their trial presentations.

I THEREFORE ORDER that the parties' Joint Pretrial Order (**ECF No. 127) is REJECTED.** The parties will file a new proposed Joint Pretrial Order within 30 days after I rule on any dispositive motions. *See* ECF No. 121.  Before filing a new proposed Joint Pretrial Order, the parties will confer as required in Local Rule 16-3 and submit a proposed order that complies with Local Rules 16-3 and 16-4 by July 22, 2023.  The failure to do so may result in sanctions against counsel and parties.

DATED this 23rd day of May, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE