UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE C. ZEITER, individually and as Special Administrator for the Estate of Michael Buchna, and JENNIFER C. BEAM, individually and as Special Administrator for the Estate of Michael Buchna,<br><br>    Plaintiffs<br><br>v.<br><br>WALMART INC. and WALMART STORES, INC.,<br><br>    Defendants | Case No.: 2:21-cv-00061-APG-DJA<br><br>**Order Setting Hearing** |

The plaintiffs have moved to strike the defendants' answer for spoliation and discovery misconduct under the court's inherent power and Federal Rule of Civil Procedure 37. The parties' briefs raise many questions, including which law applies to the allegedly spoliated video evidence, whether an evidentiary hearing is needed, and what, if any, sanctions I should impose. I will hold a hearing to discuss these issues with the parties before scheduling an evidentiary hearing if I determine one is needed. At this hearing, the parties should be prepared to discuss the following:

    1. Whether Walmart's surveillance video is electronically stored information (ESI).[1]

    2. If it is ESI, whether that precludes sanctions under the court's inherent power.

---

[1] Walmart assumes in its opposition brief that the video is ESI without citing to record evidence to demonstrate that is the case. In their reply, the plaintiffs characterize the video as "tangible evidence," also without citing to evidence. ECF No. 123 at 13.

3. Whether I should hold an evidentiary hearing to make credibility determinations, specifically between Tammy Roberts, Ricardo Devis, Sangria Vann, Christine Eide, and Jennifer Beam.

4. Whether Walmart violated court orders and purposefully obstructed the plaintiffs from learning the identities of Walmart employees who may have remembered the incident; whether I need an evidentiary hearing on this issue; and what sanctions, if any, may be appropriate.

5. Whether I should reopen discovery on this issue given the new affidavit from Timothy Kuhls.

6. The timing of an evidentiary hearing, including how much time the parties need to prepare ahead of time, the length of the hearing, and the number of witnesses needed.

I THEREFORE ORDER that this matter is set for hearing on Wednesday, November 29, 2023 at 1:30 p.m. in Las Vegas courtroom 6C. No witness testimony will be taken at that time. **Counsel for defendants Walmart Inc. and Wal-Mart Stores Inc. must appear in person along with a representative of those defendants.**

DATED this 20th day of November, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE