UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE C. ZEITER, individually and as Special Administrator for the Estate of Michael Buchna, and JENNIFER C. BEAM, individually and as Special Administrator for the Estate of Michael Buchna,<br><br>    Plaintiffs<br><br>v.<br><br>WALMART INC. and WALMART STORES, INC.,<br><br>    Defendants | Case No.: 2:21-cv-00061-APG-DJA<br><br>**Order Regarding ESI and Attorneys Testifying at the Evidentiary Hearing** |

This case is set for an evidentiary hearing on the plaintiffs' motion to strike the defendants' answer on grounds of spoliation and discovery misconduct. ECF Nos. 118; 142. I directed the parties to file briefs addressing whether Walmart's surveillance video is electronically stored information (ESI) under Federal Rule of Civil Procedure 37(e) because that impacts the legal standards that apply to my sanctions analysis. ECF No. 142. Having reviewed the parties' cross briefs on this issue, I conclude that the video surveillance evidence is ESI because even if a CD-ROM containing a video is tangible evidence as the plaintiffs contend, there is no evidence that Walmart downloaded the video of this incident to a CD-ROM before it was overwritten on Walmart's system.

    I also allowed the parties to file motions regarding whether opposing counsel may be called as witnesses at the evidentiary hearing. *Id.* I deny the plaintiffs' request to call former Walmart attorney Matthew Beckstead as a witness at the evidentiary hearing because the plaintiffs have not identified any basis to call him that would overcome the attorney-client privilege. But I grant the plaintiffs' request to call former Walmart attorney Timothy Kuhls as a

witness because fairness dictates allowing the plaintiffs to question Kuhls where Walmart has waived its attorney-client privilege by relying on Kuhls' declaration in support of its opposition to the plaintiffs' motion to strike Walmart's answer.

**A.  ESI**

The parties dispute whether Walmart's surveillance video, which Walmart did not preserve, is ESI for purposes of sanctions under Rule 37(e), or is also tangible evidence for purposes of sanctions under my inherent power.  The plaintiffs concede that Walmart's video surveillance, which tapes over itself every 30 to 45 days, is ESI. *See* ECF No. 145 at 2 (stating that Walmart "operate[s] surveillance video cameras that digitally record its premises.  This digital information constitutes 'electronically stored information, i.e., 'ESI'.'").  However, the plaintiffs contend that the surveillance video is also tangible evidence because when an incident occurs at a Walmart store, Walmart's policy was to download the video to a physical CD-ROM that would then be mailed to Walmart's claims division.

However, there is no evidence that Walmart ever downloaded video of the incident at issue to a CD-ROM.  To the contrary, the evidence has been that Walmart did nothing to preserve the video.  Because the plaintiffs have not presented evidence that a CD-ROM ever existed, they cannot show Walmart spoliated evidence by losing or destroying it. *See McCabe v. Wal-Mart Stores, Inc.*, No. 2:14-cv-01987-JAD-CWH, 2016 WL 706191, at *2 (D. Nev. Feb. 22, 2016) ("Before a court will sanction a party for spoliation of relevant evidence, however, the moving party must demonstrate that relevant evidence existed.").  Consequently, for purposes of determining potential sanctions against Walmart for failing to preserve the video, the video surveillance is ESI.[1]

---

[1] I therefore need not address Walmart's argument that video on a CD-ROM is also ESI.

2

**B. Attorney Testimony**

The plaintiffs seek to compel former Walmart attorneys Beckstead and Kuhls to testify at the evidentiary hearing. ECF No. 144. The plaintiffs argue that Walmart's former lawyers have factual knowledge about Walmart's obstructive discovery conduct in this case. The plaintiffs also contend that Walmart supported its response to the motion to strike with an affidavit from Kuhls even though it previously objected to the plaintiffs deposing Kuhls about his investigation into witnesses who may have observed the incident at issue in this case. The plaintiffs assert that they do not seek Beckstead's or Kuhls' mental impressions or legal advice; rather they seek facts regarding the attorneys' diligence on Walmart's behalf in identifying witnesses and documents, as well as why certain information was not timely produced when ordered.

Walmart responds that Beckstead and Kuhls should not be compelled to testify because they are bound by the attorney-client privilege. It argues that the plaintiffs have not met their burden to show the attorneys' testimony is needed, relevant and nonprivileged, and crucial to the preparation of the plaintiffs' case.

Under Federal Rule of Evidence 501, state law governs privilege in a civil case like this where the claims arise under state law. Under Nevada law, the "attorney-client privilege is a long-standing privilege at common law that protects communications between attorneys and clients." *Wynn Resorts, Ltd. v. Eighth Jud. Dist. Ct.*, 399 P.3d 334, 341 (Nev. 2017) (en banc). In light of this privilege, forcing an opposing party's counsel to give testimony as a witness "has long been discouraged and recognized as disrupting the adversarial nature of our judicial system." *Club Vista Fin. Servs. v. Dist. Ct.*, 276 P.3d 246, 249 (Nev. 2012) (en banc) (quotation omitted). Thus, allowing a party to take the deposition of an opposing party's attorney is "disfavored." *Id.* at 250 (quotation omitted).

3

However, a court may allow it if the party seeking the attorney's testimony shows that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.* (quotation omitted). "In evaluating these three factors, [I] should consider whether the attorney is a percipient witness to the facts giving rise to the complaint." *Id.* (internal footnote omitted). In the limited circumstances when I allow an opposing attorney to be questioned, I "should provide specific limiting instructions to ensure that the parties avoid improper disclosure of protected information." *Id.*

### 1. Beckstead

The plaintiffs do not attempt to meet the three-part *Club Vista* test to show why Beckstead's testimony is necessary at the evidentiary hearing. Although they point to Beckstead's litigation conduct in support of why Walmart should be sanctioned, Walmart's failure to comply with court orders is reflected on the court's record. Because Beckstead was Walmart's attorney, Walmart is responsible for his conduct. *Dezzani v. Kern & Assocs., Ltd.*, 412 P.3d 56, 61 (Nev. 2018) (en banc); *Wehrheim v. State*, 443 P.2d 607, 608 (Nev. 1968) ("A party is bound by the acts of his attorney in the management of his case."). I therefore deny the plaintiffs' request to call Beckstead as a witness. However, I caution Walmart that if it attempts to explain away its litigation conduct as the unauthorized actions of rogue counsel, it may waive the privilege and open the door to explore those contentions. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1117 (9th Cir. 2020) (noting that a party may impliedly waive the attorney-client privilege "by putting the lawyer's performance at issue during the course of litigation" (quotation omitted)).

/ / / /

### 2. Kuhls

Walmart offered Kuhls' declaration in support of its opposition to the plaintiffs' motion to strike Walmart's answer. ECF No. 122-1. In that declaration, Kuhls states that he "worked with Walmart to create responses" to interrogatories, that he "personally met with" the store's personnel manager, and they "interviewed all Walmart employees that were clocked in" on the day of the incident "who were still employed by Walmart at the time [Walmart was] answering the written discovery." *Id.* at 2. He states that this investigation "was the basis" for Walmart's discovery response that no Walmart employee remembered the incident. *Id.* Kuhls states he and the personnel manager "did not contact any former employees." *Id.*

Neither party has addressed whether Walmart waived its attorney-client privilege as to the matters addressed in Kuhls' declaration, even though I raised that possibility at the December 2023 hearing. Under Federal Rule of Evidence 502(a), when a party discloses attorney-client information in a federal proceeding and thereby waives the attorney-client privilege, "the waiver extends to an undisclosed communication or information in a federal or state proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." In contrast, a disclosure does not operate as a waiver if it was (1) inadvertent, (2) the privilege holder "took reasonable steps to prevent disclosure," and (3) the privilege holder "promptly took reasonable steps to rectify the error." Fed. R. Evid. 502(b). As the party asserting the privilege, Walmart bears the burden of proving that it has not waived the privilege. *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981).

Walmart has not met its burden of showing it did not waive the privilege relating to Kuhls' declaration because it has not attempted to make any showing on that matter. Walmart

5

has at least impliedly, if not expressly, waived its privilege by submitting the Kuhls declaration in support of its defense against sanctions. *See Sanmina Corp.*, 968 F.3d at 1117.  The waiver was intentional because Walmart supplied the declaration and relied on it to oppose the motion to strike.  Despite my previously mentioning the possibility that Walmart waived the privilege, Walmart again attached Kuhls' declaration to its brief on whether Kuhls should be compelled to testify at the evidentiary hearing. ECF No. 143-9.  Walmart has taken no action to withdraw the disclosure.  The declaration concerns what Kuhls did and did not do in investigating and responding to the plaintiffs' discovery request, which is the same subject matter that the plaintiffs seek in examining Kuhls.  In fairness, the plaintiffs should be able to examine Kuhls on this matter because Walmart is relying on Kuhls' representations to support its position that it should not be sanctioned.  *See Sanmina Corp.*, 968 F.3d at 1117 (stating that "fairness . . . animates the concept of subject matter waiver, in which voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject" (quotation omitted)).  Walmart may not use the attorney-client privilege "both as a sword and shield." *Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 353 (9th Cir. 2014) (quotation omitted).  Consequently, Walmart has waived the attorney-client privilege regarding Kuhls' investigation to respond to the second set of interrogatories, and the plaintiffs should be able to question him on that.

        Allowing the plaintiffs to question Kuhls at the evidentiary hearing comports with the *Club Vista* factors.  First, the plaintiffs have no other means to obtain the information than to question Kuhls.  Although Kuhls mentions an unidentified Walmart personnel manager who may have some insight on the issue, only Kuhls knows what he did to locate all relevant Walmart employees and ascertain their knowledge in order to respond to the discovery requests.  The

information sought is relevant and nonprivileged because the inquiry for the evidentiary hearing involves Walmart's litigation conduct and what sanctions, if any, to impose. As discussed above, Walmart has waived its privilege on this issue by repeatedly submitting and relying on Kuhls' declaration. Finally, the information is crucial to the preparation of the evidentiary hearing. Although Walmart contends Kuhls knows nothing of the underlying incident, the evidentiary hearing on sanctions will not address merits of the case.

I therefore will allow the plaintiffs to call Kuhls as a witness at the evidentiary hearing. Consistent with *Club Vista*, I provide the specific limiting instruction that the privilege is waived only with respect to Kuhls' investigation outlined in his declaration that he conducted to respond to the plaintiffs' second set of interrogatories.[2] This ruling does not give the plaintiffs free reign to question Kuhls on the entirety of his representation of Walmart or any other acts he took or omitted in representing Walmart. *Id.* (stating that "disclosure of information resulting in the waiver of the attorney-client privilege constitutes waiver only as to communications about the matter actually disclosed" (quotation omitted)).

**C. Conclusion**

I THEREFORE ORDER that for purposes of the evidentiary hearing on sanctions, Walmart's surveillance video is deemed electronically stored information.

/ / / /

/ / / /

/ / / /

---

[2] The defendants stated in a status report that they wanted to call the plaintiffs' attorneys at the evidentiary hearing. *See* ECF No. 141 at 3. However, Walmart did not file a brief in support. Additionally, the plaintiffs' attorneys would not have any information on Kuhls' investigation, so there is no need to call them for completeness purposes. The plaintiffs' attorneys therefore will not be called as witnesses at the hearing.

7

I FURTHER ORDER that the plaintiffs may not call former Walmart attorney Matthew Beckstead as a witness at the evidentiary hearing, but they may call former Walmart attorney Timothy Kuhls as outlined in this order.

DATED this 29th day of April, 2024.

                                          ANDREW P. GORDON
                                        UNITED STATES DISTRICT JUDGE